# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **CLOUD SYSTEMS HOLDCO IP, LLC,**<br>    Plaintiff, | **Civil Action No.: 3:25-cv-01065** |
| v. | |
| **CLIMATEC, LLC,**<br>    Defendant | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Cloud Systems Holdco IP LLC ("Cloud") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 10,367,912 ("the '912 patent") (referred to as the "Patent-in-Suit") by Climatec, LLC. ("Defendant" or "Climatec").

### I. THE PARTIES

1. Cloud Systems Holdco IP is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, Defendant is a corporation existing under the laws of the State of Arizona, with a principal place of business located in Irving, Texas. Defendant has a regular and established place of business at 1631 W. Walnut Hill Rd, Irving, TX 75038. On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant can be served with process through their registered agent, Corporation Service Company, 7955 S. Priest Drive, Suite 102, Tempe, Arizona 85284, at its place of business, or anywhere else it may be found.

### II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

**III.    INFRINGEMENT - Infringement of the '912 Patent**

6. On July 30, 2019, U.S. Patent No. 10,367,912 ("the '912 patent", included as Exhibit A and part of this complaint) entitled "System and Method for Automating the Management, Routing, and Control of Multiple Devices and Inter-Device Connections" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '912 patent by assignment.

7. The '912 patent relates to novel and improved systems and method for controlling, routing, and managing data among multiple devices that are sources or consumers of streaming data and control devices within a given environment in a hardware independent manner.

8. Defendant maintains, operates, and administers systems and services that performs a method that infringes one or more of claims 1-19 of the '912 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '912 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has caused Plaintiff damage by direct infringement of the claims of the '912 patent. The charted claim is directed towards elements of Defendant's Extron Control System that is offered and sold to customers to manage or control their connected AV devices across an environment. Direct infringement of the method claim by Defendant is established because Defendant infringes vicariously by profiting from its customers use of the Defendant's system. Defendant provides systems that its customers can use to practice the infringing methods. Defendant benefits from its customer's use by selling the equipment.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., their customers and/or the customers of their related companies), and continue to do so, on how to use its products and services (e.g., method for controlling an environment, comprising establishing communication between a server and a control client) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-19 of the '912 patent, literally or under the doctrine of equivalents. Defendant, from at least the filing date of the lawsuit, has continued to encourage and

3

instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '912 patent and the technology underlying it from at least the issuance of the patent.

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., their customers and/or the customers of their related companies) to infringe, and continue to do so, on how to use their products and services (e.g., method for controlling an environment, comprising establishing communication between a server and a control client) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-19 of the '912 patent, literally or under the doctrine of equivalents. Defendant, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '912 patent and the technology underlying it from at least the issuance of the patent.

13. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '912 patent.

### IV.     CONDITIONS PRECEDENT

14. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

15. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or

under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

16. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

17. The policy of §287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

18. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement

license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

19. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## V.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '912 Patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the '912 Patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  provided discovery reveals that Defendant knew (1) knew of the '912 Patent prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the '912 Patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the '912 Patent, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be adjudicated infringers of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)

*Attorneys for Cloud Systems Holdco IP, LLC*